AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Pedro Marquez<br>AKA: Alex Ravis Vasquez<br>Peter Marquez, Jose Alfredo Marquez, Carlos Contreras, Toby Brave, and Steven Luna<br><br>*Defendant(s)* | Case No. 2:25-mj-72 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 13, 2025__ in the county of __Fayette__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a)&(b)(2) | Illegal alien found in the United States following deportation after having been convicted of an aggravated felony. |

This criminal complaint is based on these facts:
SEE AFFIDAVIT ATTACHED HERETO AND INCORPORATED BY REFERENCE HEREIN.

☑ Continued on the attached sheet.

_____ 2-13-2025
*Complainant's signature*

Chadwick Van Sickle, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/13/2025

City and state: Columbus, Ohio

Kimberly A. Jolson
United States Magistrate Judge

## AFFIDAVIT

I, Chadwick M. Van Sickle, being duly sworn, do hereby depose and say:

1. I am a Special Agent (SA) with Homeland Security Investigations (HSI), a component of Immigration and Customs Enforcement (ICE), within the Department of Homeland Security (DHS). In my capacity as a SA with HSI, I received training concerning immigration-related crimes, and I have conducted investigations involving such offenses.

2. This affidavit is made in support of a criminal complaint and arrest warrant for Pedro MARQUEZ, also known as Peter MARQUEZ, Jose Alfredo MARQUEZ, Carlos CONTRERAS, Toby BRAVE, and Steven LUNA, hereinafter referred to as MARQUEZ, charging him with violating 8 U.S.C. § 1326(a) - Illegal Alien Found in the United States Following Deportation and enhanced by (b)(2) - After Having Been Convicted of an Aggravated Felony. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from official documents, databases, other law enforcement agents and witnesses. This affidavit is intended to show that there is probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of, or investigation into this matter.

3. On February 13, 2025, investigators observed MARQUEZ exit his residence of 79 Biddle Blvd, #32, Bloomingburg, Ohio 43106. The residence is in the Southern District of Ohio. Investigators approached MARQUEZ and identified themselves as law enforcement. All investigators were also wearing law enforcement agency markings. MARQUEZ was arrested for violating U.S. immigration laws. A Form I-200 (Warrant for Arrest of Alien) was issued for his arrest prior to the encounter.

4.  Following the arrest of MARQUEZ, he was transported to the HSI Columbus, Ohio Office for additional processing. Upon arriving, MARQUEZ's fingerprints were scanned and enrolled in various DHS databases, which confirmed the subject's identity, immigration and criminal history.

5.  MARQUEZ was provided with Miranda Warnings. An agency authorized Spanish-speaking interpreter was utilized by contacting the Lionbridge interpreter line. SA Chadwick Van Sickle and Immigration and Customs (ICE) Enforcement and Removal Operations Deportation Officer Andrew Wend were present. MARQUEZ waived his rights in writing and stated the following; he claimed his true name is Alex Ravis Vasquez, he did acknowledge he has previously used the name Pedro Marquez and Peter Marquez during prior immigration and criminal encounters. Additionally, he said he named his son Peter Marquez. MARQUEZ stated he was born in Mexico on June 15, 1990. He said he is a citizen and national of Mexico. MARQUEZ stated both of his parents are citizens of Mexico and currently in Mexico. MARQUEZ said he has been previously deported in 2015 and at another time unknown. The last time he was deported was through the Eagle Pass, Texas port of entry.

6.  Based on my training and experience, I know that a DHS "A-File" is a file in which all immigration records are maintained for aliens admitted or found to be illegally present in the United States. I also know that a DHS A-File usually contains forms, photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the DHS A-File is maintained. The A-file corresponds with an "A-number", a unique number assigned to foreign nationals as they undergo proceedings through the United States immigration system. MARQUEZ's A-file is maintained under A-number 087 672 620. I know that in addition to A-files, DHS utilizes

numerous databases and indices to store immigration related information that correlates with documents found in the A-file.

7. On February 10, 2025, I reviewed the above-mentioned databases, and determined the following:

    a. On or about December 03, 2009, MARQUEZ was ordered removed from the United States by an Immigration Judge, at or near Dallas, Texas. MARQUEZ was then officially removed and deported from the United States on or about December 05, 2009, at or near Del Rio, Texas.

    b. On or about December 29, 2010, MARQUEZ was again found in the United States. MARQUEZ's previous order of removal was reinstated, and on January 13, 2016 he was then officially removed and deported from the United Staes at or near Brownsville, Texas.

    c. On or about March 16, 2011, MARQUEZ was indicted in the U.S. District Court, Eastern District of Oklahoma, for the crimes of 21 U.S.C. §§ 846, 841(a)(1)&(b)(1)(A) - Drug Conspiracy and 8 U.S.C. § 1326(a)&(b) - Illegal Reentry of a Previously Removed Alien. On October 21, 2011, MARQUEZ was convicted of both statutes and sentenced to a prison term of 64 months for the Drug Conspiracy and 24 months for the Illegal Reentry of a Previously Removed Alien. Both sentences ran concurrently. MARQUEZ was required to serve five years of supervised release upon release from imprisonment.

8. I also reviewed DHS Indices that track lawful entries into the United States. Those indices indicated that MARQUEZ had not lawfully entered the United States, nor had he applied for nor obtained permission from the Attorney General of the United States or her

designated successor or the Secretary of Homeland Security, to re-enter the United States legally since MARQUEZ had last been deported.

9. Based on the foregoing facts, there is probable cause to believe that MARQUEZ has violated 8 U.S.C. § 1326(a) - Illegal Alien Found in the United States Following Deportation and enhanced by (b)(2) - After Having been Convicted of an Aggravated Felony.

*[signature]*
Chadwick Van Sickle
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on this 13th day of February, 2025.

*[signature]*
Kimberly A. Jolson
United States Magistrate Judge

4